IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KNIGHT BROTHER, LLC, a Utah limited liability com., dba INTERMOUNTAIN RIGGING AND HEAVY HAUL,<br><br>Plaintiff,<br><br>vs.<br><br>BARER ENGINEERING CO. OF AMERICA, BARER ENGINEERING INTERNATIONAL, a Canadian corp., CENTERAL BEARING CORP., LTD., a Canadian corp., and DAVID BARER, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO WITHDRAW AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br><br><br>Case No. 2:10-CV-108 TS |

This matter is before the Court on two related Motions: Defendants' counsel's Motion to Withdraw as counsel for two of the Defendants and Plaintiff's Motion for a Default Judgment.

Defendants' counsel moves to withdraw from representing only two of the Defendants, Central Bearing Corporation (Central Bearing) and Barer Engineering

International (BEI). Plaintiff opposes the motion on the ground that it will be prejudiced if withdrawal is allowed prior to its obtaining a default judgment.

The Motion to Withdraw filed by counsel for Central Bearing and BEI will be denied for the reason that it does not comply with DUCivR 83-1.4 in that the written consents of Central Bearing and BEI are not included with the motion as required under subsection (a)(1), nor is the certificate of the attorney as required by subsection (a)(2).

Further, while purporting to merely withdraw and stating that Central Bearing and BEI "do not intend to defend on the merits or otherwise participate" in this case, the Motion asserts the defense of lack of jurisdiction against the two Defendants, improperly inserting the claimed defense into the record as part of a motion for counsel to withdraw. Finally, where counsel represents all Defendants and where the interrelationship of all of the Defendants will be at issue under the alter ego claim against Central Bearing and David Barer, there is little prejudice to declining to allow counsel to withdraw from representing two of the corporate entities. Especially where, as asserted by counsel, the two Defendants in question have directed that there be no defense on the merits.

Plaintiff seeks a default judgement against Central Bearing and BEI. Default was entered against them on July 21, 2010. The Motion is supported by an affidavit setting forth the amount of the debt and the prejudgment interest rate. It is not opposed.

However, under *Frow v. De La Vega*,[1] "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant

---

[1] *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552 (1872).

until the matter has been adjudicated with regard to all defendants or all defendants have defaulted."[2]

As explained in *Frow*:

The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike-the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.[3]

However, a default judgment may be entered in some circumstances against *severally* liable defendants.[4] But the *Frow* analysis has been extended to cases where Defendants have closely related defenses.[5]

---

[2] 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2690 (3d ed. 2005) (citing *Frow*) (hereinafter Wright & Miller); *Hunt v. Inter-Glove Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (holding that where complaint's claims were for fraud and securities violations, the Plaintiff having chosen to initiate a single claim involving joint liability, "may not split its claim and proceed to damages against the defaulters and then proceed to a separate damages award against the answering defendants") (quoting *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1256-58 (7th Cir. 1980)).

[3] 82 U.S. at 554. *See also Haines v. Fisher*, 82 F.3d 1503, 1511 (10th Cir. 1996) (holding that entry of judgment of zero against defaulting defendant was proper where jury found that no damages were proven).

[4] *See* Wright & Miller, *supra* note 21, § 2690 and cases cited therein.

[5] Wright & Miller, *supra* n.21; *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (holding "it would be incongruous and unfair to allow the Trustee to prevail against Defaulting Defendants on a legal theory rejected by the bankruptcy court with regard to the Answering Defendants in the same action"); *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps. Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (applying *Frow* and vacating default judgment against defaulting defendant because even though

In this case, the corporate Defendants are alleged to be alter egos and instrumentalities of Defendant David Barer and each other. BEI is alleged to merely be a dba of Central Bearing. Central Bearing is alleged to have been doing business as Barer Engineering Company of America (Barer Engineering). Thus, Central Bearing's and BEI's alleged liability appears to be dependent on a finding of liability against Barer Engineering and/or David Barer. When the merits of this case are resolved, if there is a finding of no damages owed by Barer Engineering, that finding should apply to Central Bearing and BEI as well.

Under the rule as announced in *Frow*, entry of final judgment against Central Bearing and BEI should await the determination on the merits as to the other Defendants. It is therefore

ORDERED that the Motion to Withdraw filed by counsel for Central Bearing and BEI (Docket No. 33) is DENIED. It is further

ORDERED that Plaintiff's Motion for a Default Judgment (Docket No. 39) is DENIED.

DATED January 24, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

defendants not jointly liable because jury found contract was not breached).