IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KNIGHT BROTHERS LLC, a Utah limited liability company, dba INTERMOUNTAIN RIGGING AND HEAVY HAUL,<br><br>    Plaintiff,<br><br>    v.<br><br>BARER ENGINEERING COMPANY OF AMERICA, a Vermont Corporation, CENTRAL BEARING CORPORATION LTD, dba BARER ENGINEERING COMPANY OF AMERICA, CENTRAL BEARING CORPORATION LTD, dba BARER ENGINEERING INTERNATIONAL, and DAVID BARER, an individual,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ATTORNEY FEES AND MOTION FOR DEFAULT JUDGMENT<br><br><br>Case No. 2:10-CV-108 TS |

This matter is before the Court on Plaintiff Knight Brothers LLC's—dba Intermountain Rigging and Heavy Haul ("Intermountain Rigging")—Motion for Award of Attorney Fees Incurred to Prepare and Attend Settlement Conference and Status and Scheduling Conference and Motion for Default Judgment.[1]  Defendants have failed to respond to either motion.

---

[1] Docket Nos. 65 & 75.

1

I.  BACKGROUND

Plaintiff Intermountain Rigging is a Utah limited liability company and a licensed contractor with the State of Utah.  Plaintiff's principal place of business is located in Salt Lake City, Utah.  Defendant Barer Engineering Company of America ("Barer Engineering") is a Vermont corporation that does business in the State of Utah.  Defendant Central Bearing Corporation Ltd. is a Canadian corporation that operates through Barer Engineering and Barer Engineering International.  Defendant David Barer ("Defendant Barer") is an individual residing in Montreal, Quebec, Canada, and is the controlling owner, agent, officer, and director of each of the above named companies.

This dispute centers on Defendants' alleged failure to pay Plaintiff for work completed on a project at an air force base in Utah.  According to Plaintiff, it contracted with Defendants to provide labor, tools, materials, and equipment required to install a 5 Axis-CNC High Speed Routing Machine at Hill Air Force Base.  Plaintiff alleges that this project was completed and accepted by Hill Air Force Base on August 13, 2009.  Notwithstanding the completion of the project and acceptance by the base, Defendants have allegedly refused to pay Plaintiff the balance owed under the contract.  Plaintiff seeks to recover that amount.

Plaintiff originally filed its complaint in state court.  Plaintiff's action was subsequently removed to this Court on February 10, 2010.  Defendant Barer sought dismissal of the case against him in his personal capacity.  The Court denied Defendant Barer's Motion to Dismiss in its Memorandum Decision and Order entered January 24, 2011.[2]

---

[2]Docket No. 47.

On the same date, the Court referred this matter for a settlement conference before a magistrate judge. On August 23, 2011, the parties held a status conference with Magistrate Judge Samuel Alba and agreed to a settlement conference date of September 27, 2011. A Notice of Settlement Conference and Order was sent to the parties on September 7, 2011. On September 26, 2011, Defendant Barer notified the Court—who in turn notified Plaintiff—that he would not be able to attend the September 27, 2011 Settlement Conference. An additional status conference was held on October 11, 2011, at which a new settlement conference was set for November 15, 2011. A settlement conference was held on November 15, 2011, with all parties—including Defendant Barer—in attendance. The parties were unable to reach a settlement.

## II.  DISCUSSION

A.  ATTORNEY'S FEES

Federal Rule of Civil Procedure 16(a) provides that "the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conference for such purposes as . . . (5) facilitating settlement." Rule 16(f) gives teeth to the precepts of Rule 16 by providing for various forms of sanctions "if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order." Rule 16(f)(2) also addresses the specific issue of imposition of fees and costs and instructs that "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."

Plaintiff requests the recovery of its attorney's fees—$920.00—the majority of which were expended in preparing a settlement conference letter to the settlement judge in anticipation of the September 27, 2011 Settlement Conference.  According to Plaintiff, this recovery is justified because "Plaintiff's counsel never received telephonic notice from Defendant's counsel that Defendant Barer would not be present at the Settlement Conference."[3]  This Court's Notice of Settlement Conference and Order ("Settlement Conference Order") required that "excuse from attendance will be granted only for good cause shown upon at least telephonic notice to other counsel and informal application to the judge."[4]

Plaintiff also seeks recovery of its attorney's fees expended in being required to attend the additional scheduling conference, held October 11, 2012.  This additional scheduling conference was necessitated by Defendant Barer's inability to appear at the originally scheduled settlement conference.  At the time the instant Motion was filed, the November status conference had not yet occurred and Plaintiff sought recovery of its attorney's fees incurred in attending this conference because "it appears likely that no Settlement Conference will ever be held."[5]  Contrary to Plaintiff's original belief, a settlement conference did result from the October 11, 2012 Scheduling Conference.

It is undisputed that Defendant Barer did not actually fail to appear at any settlement conference.  Furthermore, Defendants' failure to provide telephonic notice alone does not merit

---

[3]Docket No. 66, at 3.

[4]Docket No. 62.

[5]Docket No. 66, at 3.

the imposition of attorney's fees.  Therefore, the Court will deny Plaintiff's Motion for Award of Attorney Fees.

B.      DEFAULT JUDGMENT

Plaintiff asserts that default judgment should be entered in its favor because the only remaining defendant, Barer Engineering, has failed to file a notice of substitution of counsel as required by this Court's Order issued April 5, 2012.  Plaintiff appears to assert a violation of Local Rule DUCivR 83-1.4—withdrawal leaving an entity party without representation.  There is a fatal flaw in Plaintiff's argument.  At the time Plaintiff filed its Motion for Default Judgment, Barer Engineering was represented by an attorney authorized to practice before this Court.[6]  For this reason, the Court will deny Plaintiff's Motion for Default Judgment without prejudice.[7]

### III.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion for Award of Attorney Fees Incurred to Prepare and Attend Settlement Conference and Status and Scheduling Conference (Docket No. 65) is DENIED.  It is further

ORDERED that Plaintiff's Motion for Default Judgment (Docket No. 75) is DENIED WITHOUT PREJUDICE.  Defendants are hereby cautioned that future dilatory conduct may result in sanctions, including terminating sanctions.

---

[6] Defendants' remaining attorney, Stephen D. Swindle, recently sought approval of this Court to withdraw his representation of Defendants—including Barer Engineering.

[7] The Court would note that in its Motion for Default Judgment, Plaintiff alleges dilatory conduct by Defendant in the discovery process that may warrant imposition of sanctions. Because Plaintiff does not seek sanctions for this conduct, the Court will not *sua sponte* address that issue.

DATED   June 18, 2012.

        BY THE COURT:

        _____
        TED STEWART
        United States District Judge