IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KNIGHT BROTHERS LLC, a Utah limited liability company, dba INTERMOUNTAIN RIGGING AND HEAVY HAUL,<br><br>Plaintiff,<br><br>v.<br><br>BARER ENGINEERING COMPANY OF AMERICA, a Vermont Corporation, CENTRAL BEARING CORPORATION LTD, dba BARER ENGINEERING COMPANY OF AMERICA, CENTRAL BEARING CORPORATION LTD, dba BARER ENGINEERING INTERNATIONAL, and DAVID BARER, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING RENEWED MOTION FOR DEFAULT JUDGMENT<br><br><br><br>Case No. 2:10-CV-108 TS |

This matter is before the Court on Plaintiff Knight Brothers LLC's—dba Intermountain Rigging and Heavy Haul—Renewed Motion for Default Judgment.[1]  Through its Motion, Plaintiff seeks default judgment against Defendant Barer Engineering Company of America ("Barer Engineering").

---

[1]Docket No. 82.

1

I. BACKGROUND

The factual background of this case is more fully set out in this Court's Memorandum Decision and Order denying Motion for Attorney Fees and Motion for Default Judgment entered June 18, 2012, and will not be repeated here.[2]

Plaintiff previously filed a motion for default judgment against Barer Engineering based on Barer Engineering's alleged failure to obtain counsel. Plaintiff also complained of Barer Engineering's failure to abide by the rules of discovery. The Court denied without prejudice Plaintiff's original motion for default judgment in its June 18, 2012 Order because Barer Engineering was not at that time without representation. However, the Court specifically warned Barer Engineering that "future dilatory conduct may result in sanctions, including terminating sanctions."[3]

On June 19, 2012, the Court granted Barer Engineering's counsel's motion to withdraw.[4] In its order granting withdrawal, the Court instructed Barer Engineering that it must file a notice of appearance of new counsel on behalf of Barer Engineering within twenty-one days. Since that time, Barer Engineering has taken no action in this case.

Plaintiff has provided an affidavit supporting judgment in the following amounts: (1) damages in the principal amount of $431,160.20; (2) prejudgment interest in the amount of $213,424.30 through July 21, 2012, with additional prejudgment interest accruing thereafter at a

---

[2]Docket No. 79.

[3]*Id*. at 5.

[4]Docket No. 80.

rate of $212.63 per day until the date of entry of this judgment; and (3) post-judgment interest thereon from the date of judgment as provided by statute.

## II.  DISCUSSION

Pursuant to Local Rule DUCivR 83-1.4(c)(5) "[a]n unrepresented party who fails to appear within twenty-one (21) days after entry of the order" allowing withdrawal of counsel "may be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment."

"A district court . . . has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.  Such sanctions may include dismissing the party's case with prejudice or entering judgment against the party."[5]  "[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[6]  In applying such a sanction, the district court must consider the following factors:

> (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective.[7]

Here, Plaintiff has been prejudiced by the delay caused by Barer Engineering's dilatory actions and failure to abide by the Court's orders.  This case was originally filed in February of

---

[5] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (citing *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).

[6] *Id*. (quoting *Hancock*, 857 F.2d at 1396).

[7] *LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003) (internal quotation marks and citations omitted).

2010.  Because of Barer Engineering's actions, Plaintiff has not been able to conduct necessary discovery to progress its case.  As such, Barer Engineering has delayed a determination of this case on its merits, thereby withholding from Plaintiff the sum it alleges it is owed.  This same delay impeded the speedy resolution of this case and has interfered with the judicial process.  Furthermore, Barer Engineering is directly culpable in that it has failed to respond, appear, or otherwise present a defense in this matter.

The last two factors are also met.  Barer Engineering was directly warned in the Court's June 18, 2012 Memorandum Decision and June 19, 2012 Order that future dilatory conduct and failure to appoint new counsel could result in terminating sanctions.  Since that time, Barer Engineering has taken no action to bring itself in compliance with this Court's orders.  A lesser sanction is unlikely to be effective as Barer Engineering has demonstrated an unwillingness to submit to the jurisdiction of this Court or bring itself in compliance with the Court's orders.

In sum, the Court finds that the facts of this case warrant entry of judgment against Barer Engineering.  The Court will therefore grant Plaintiff's Motion.

### III.  CONCLUSION

As this Court has previously noted, the corporate defendants in this case "are alleged to be alter egos and instrumentalities of Defendant David Barer and each other."[8]  Barer Engineering was the only remaining defendant to dispute liability—the Clerk of Court has entered default certificates as to the other named defendants.  Barer Engineering's default

---

[8]Docket No. 46, at 4.

therefore entitles Plaintiff to a final judgment against all of the Defendants in this case.[9] It is therefore

ORDERED that Plaintiff's Renewed Motion for Default Judgment (Docket No. 82) is GRANTED . The Clerk of Court is instructed to enter judgment in favor of Plaintiff and against Defendants as follows: damages in the principal amount of $431,160.20; prejudgment interest in the amount of $213,424.30 through July 21, 2012, with additional prejudgment interest accruing thereafter at a rate of $212.63 per day until the date of entry of this judgment; and post-judgment interest thereon from the date of judgment as provided by statute.

DATED   August 22, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[9] *See Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 554 (1872); *Haines v. Fisher*, 82 F.3d 1503, 1511 (10th Cir. 1996).