IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KNIGHT BROTHERS LLC, a Utah limited liability company, dba INTERMOUNTAIN RIGGING AND HEAVY HAUL,<br><br>    Plaintiff,<br><br>    v.<br><br>BARER ENGINEERING COMPANY OF AMERICA, a Vermont Corporation, CENTRAL BEARING CORPORATION LTD, dba BARER ENGINEERING COMPANY OF AMERICA, CENTRAL BEARING CORPORATION LTD, dba BARER ENGINEERING INTERNATIONAL, and DAVID BARER, an individual,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO AMEND JUDGMENT<br><br><br>Case No. 2:10-CV-108 TS |

This matter is before the Court on Plaintiff Knight Brothers LLC's—dba Intermountain Rigging and Heavy Haul—Motion to Amend Judgment.[1] Through its Motion, Plaintiff requests that the Court amend its judgment to clarify that each of the Defendants in this case are joint and severally liable.

---

[1] Docket No. 86.

1

On August 22, 2012, this Court entered its Memorandum Decision and Order granting Plaintiff's Renewed Motion for Default Judgment (the "Memorandum Decision").[2] Pursuant to the Memorandum Decision, the Court granted Plaintiff default judgment and specifically found that such judgment should apply to all Defendants as provided under *Frow v. De La Vega*.[3] Nevertheless, the Court's Judgment, entered on August 29, 2012, failed to provide for joint and several liability between the Defendants.[4]

Plaintiff moves the Court to amend its Judgment under Federal Rule of Civil Procedure 59. However, in light of the timing of Plaintiff's Motion and the nature of the relief sought, the Court finds Rule 60(a) to be the more appropriate vehicle to address Plaintiff's request. Pursuant to Rule 60(a), the Court, on motion or on its own, "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment."

> A district court is not limited under Rule 60(a) to the correction of clerical mistakes arising from oversight or omission. Rather, a district court may also invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly reflect its contemporaneous intent and ensure that the court's purpose is fully implemented.[5]

Here, it was the Court's intent that the Defendants be jointly and severally liable for the award granted in the Judgment. However, the Judgment is ambiguous on this point. The Court

---

[2] Docket No. 84.

[3] *See* 15 Wall. 552, 82 U.S. 552, 554 (1872); *see also* Docket No. 46, at 3–4 (providing that judgment would not be entered until the matter has been adjudicated with regard to all Defendants because Defendants are alleged to be joint and severally liable).

[4] *See* Docket No. 85.

[5] *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992), *cert. denied*, 507 U.S. 1043 (1993) (citing *Pan. Processes, S.A. v. Cities Serv. Co.*, 789 F.2d 991, 993 (2d Cir. 1986); *McNickle v. Bankers Life and Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989)).

will therefore grant Plaintiff's Motion and amend its Judgment to reflect that each of the Defendants is, in fact, jointly and severally liable for the full amount of the award granted.

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion to Amend Judgment (Docket No. 86) is GRANTED. The Clerk of Court is instructed to amend the Judgment in this case to reflect that Defendants are jointly and severally liable for the full amount of the judgment entered.

DATED December 21, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge